NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-5694-13T4

STATE OF NEW JERSEY,

 Plaintiff–Respondent,

v.

TERRANCE D. HARRIS, a/k/a SHAKEEL
DAWUD, DAVID HARRIS, and TERRIN HARRIS,

 Defendant-Appellant.

__________________________________________

 Submitted November 3, 2016 – Decided March 16, 2017

 Before Judges O'Connor and Whipple.

 On appeal from Superior Court of New Jersey,
 Law Division, Atlantic County, Indictment
 No. 11-01-0228.

 Joseph E. Krakora, Public Defender, attorney
 for appellant (Kevin G. Byrnes, Designated
 Counsel, on the brief).

 Christopher S. Porrino, Attorney General,
 attorney for respondent (Lila Leonard,
 Deputy Attorney General, of counsel and on
 the brief).

 Appellant filed a pro se supplemental brief.

PER CURIAM
 Following our remand, defendant Terrance D. Harris appeals

from the May 27, 2014 Law Division order again denying his

motion to suppress evidence of illicit drugs found in his home

during the execution of a search warrant. For the reasons that

follow, we affirm.

 I

 The evidence adduced during the suppression hearing is set

forth in our opinion remanding this matter to the trial court,

State v. Harris, A-4000-11 (App. Div. Mar. 21, 2014), but to put

the issues on appeal in context, a brief summary of the evidence

is required.

 It is not disputed the police searched defendant's home the

morning of November 4, 2010. The State maintained the search

was conducted after the police obtained a search warrant.

Defendant asserted the search occurred before the State secured

a search warrant, pointing out the judge who signed the search

warrant hand-wrote on the warrant that he signed it on November

4, 2010, at 3:30 p.m. Thus, because the search warrant

seemingly showed the search warrant was acquired after the

search, defendant argued the State violated his Fourth Amendment

rights to be free from warrantless searches of his home, see

 2
 A-5694-13T4
State v. Johnson, 193 N.J. 528, 553-54 (2008), warranting

suppression of the seized evidence.1

 At the conclusion of the suppression hearing, the trial

court found the State obtained the search warrant at 3:30 p.m.

on November 3, 2010, the day before the search. The court

concluded the judge who signed the search warrant made a

"scrivener's error" when he dated the warrant November 4, 2010,

and had in fact signed it on November 3, 2010. The evidence in

support of the court's finding was as follows.

 Steven Hadley, a detective in the Egg Harbor City Police

Department, testified he acquired a search warrant to search

defendant's home, but could not remember the date he went to the

courthouse to obtain a signed warrant from the judge. However,

Hadley was presented with a copy of a log sheet showing the

signatures of those members of law enforcement who entered the

courthouse complex on November 3, 2010.2 He testified his

signature appears on that log sheet, as does his hand-written

notation stating the name of the judge he intended to see; the

1
 See U.S. Const. amend. IV.
2
 It is not disputed members of law enforcement who are
carrying a weapon must sign a log sheet before entering the
courthouse complex. The purpose is to enable courthouse
personnel to keep track of who has a weapon in the courthouse,
and ensure those who enter the courthouse with a weapon leave
with that weapon.
 3
 A-5694-13T4
judge is the same one who ultimately signed the subject search

warrant. The log sheet shows Hadley signed the log sheet at

3:30 p.m.

 Hadley noted he has signed a log sheet every time he has

entered the court complex; his name does not appear on the

November 4, 2010 sheet. He also testified he has never executed

a search warrant without first obtaining a search warrant.

Hadley mentioned his signature also appears on the affidavit of

probable cause. We note the judge who signed the search warrant

notarized Hadley's signature on the affidavit.

 In response to questioning by defense counsel, Hadley again

acknowledged he had no independent recollection of what occurred

on November 3, 2010. Hadley merely reconstructed from the

documents he reviewed that he had obtained a search warrant on

November 3, 2010, from the judge who signed the warrant.

 An assistant prosecutor testified Hadley sent him an email

on November 1, 2010, attached to which was a draft of a form of

search warrant for the assistant prosecutor's review and

approval. Thereafter, the assistant prosecutor telephoned

Hadley, authorized him to apply for the search warrant, and

advised he approved of the form of search warrant, which the

assistant prosecutor emailed back to Hadley on November 3, 2010,

at 10:55 a.m.
 4
 A-5694-13T4
 The trial court determined the documents about which Hadley

testified provided strong circumstantial evidence the search

warrant was signed on November 3, 2010, and "dovetailed with the

. . . testimony of [the assistant prosecutor] and Hadley, who

appeared credible with no ax to grind against anybody." Because

the search warrant was signed before the search, the court found

there was no basis to grant defendant's motion to suppress.

 After his motion to suppress evidence was denied, defendant

pled guilty to second-degree possession of a controlled

dangerous substance with intent to distribute, N.J.S.A. 2C:35-

5(a)(1), (b)(2). He was sentenced to an eight-year term of

imprisonment with a four-year period of parole ineligibility.

 Defendant filed a direct appeal. In our opinion, we

affirmed the trial court's factual findings. See Harris, supra,

(slip op. at 4). Therefore, it is an established fact the

search warrant was issued on November 3, 2010, before the search

of defendant's home was executed the following morning.

 However, during the course of delivering its oral opinion,

the trial court stated, "there's a presumption of validity in

these warrants." Citing State v. Robinson, 200 N.J. 1, 7-8

(2009), we noted in our opinion a search warrant cannot be

presumed valid until the State first establishes the search

warrant was issued in accordance with the Rules of Court.
 5
 A-5694-13T4
Harris, supra, (slip op. at 3); see Robinson, supra, 200 N.J. at

7-8. However, once that has been accomplished, the "burden of

demonstrating the invalidity of such a search is placed upon the

defendant. The defendant must establish that there was no

probable cause supporting the issuance of the warrant or that

the search was otherwise unreasonable." Robinson, supra, 200

N.J. at 7-8. Concerned the trial court may have presumed the

search warrant was valid before the warrant was properly issued

and that such presumption may have influenced the court's

assessment of the evidence, we remanded the matter to the trial

court for its reconsideration. See Harris, supra, (slip op. at

4).

 In addition, we granted defendant's motion to supplement

the appellate record with new information he believed relevant

on the issue of Hadley's credibility, but we did not consider

this information in deciding the appeal. Ibid. We left the

question whether to supplement the record to the trial court's

discretion on remand. Ibid.

 On remand, the trial court clarified it knew at the time it

denied defendant's suppression motion that there was no

presumption the search warrant was valid before the State

established the warrant had been issued in accordance with the

Rules of Court. The trial court explained that when it stated
 6
 A-5694-13T4
"there is a presumption of validity in these warrants," it was

referring to warrants that had been issued in accordance with

the law.

 The trial court further noted because the subject search

warrant had been signed by a judge before the search, the

warrant was valid; the fact the judge affixed the wrong date to

the warrant did not affect its legitimacy because there was

sufficient proof the warrant was signed before the search. The

trial court commented it was aware that once the warrant was

determined to be valid, the burden of proof shifted to defendant

to show the search was not, which defendant failed to

demonstrate. For that reason, the trial court denied

defendant's motion at the conclusion of the suppression hearing

and, on remand, found no basis to change that decision and again

denied his motion.

 The trial court considered the fact there allegedly was

evidence, discovered after the suppression hearing, Hadley had

been charged with misconduct for having sexual contact with

various women while on duty. On remand, defendant requested a

new hearing so he could question Hadley about these charges,

arguing such evidence might affect Hadley's credibility and the

trial court's assessment of his testimony. Defendant also

argued because he had called Hadley as a witness at the hearing
 7
 A-5694-13T4
(to establish Hadley did not recall the date the search warrant

was signed), the court might view the evidence differently if

there were a new hearing and the State called Hadley as its

witness instead.

 The court declined to order a new hearing. First, it noted

Hadley's attorney forwarded a letter to the court stating Hadley

would assert his Fifth Amendment right to not testify if

questioned about any of the charges.3 Second, the court observed

Hadley's testimony merely supplemented the documentary evidence,

commenting it was the latter evidence that was pivotal to

establishing the search warrant was signed on November 3, 2010.

The court observed, "Hadley[,] when you really come down to

it[,] . . . was a small cog in the overall hearing and

testimony. All he did was confirm things. Confirmed yes, I

signed in on that date. That's what the sign-in shows."

 II

 On appeal, defendant presents the following arguments for

our consideration:

 POINT I – THE TRIAL COURT ERRED IN DENYING
 THE DEFENDANT AN EVIDENTIAL HEARING.

 POINT II - THE MOTION JUDGE SHOULD HAVE
 RECUSED HIMSELF FROM THE PROCEEDING.

3
 See U.S. Const. amend. V.
 8
 A-5694-13T4
 POINT III – THE SEARCH WAS CONDUCTED
 ILLEGALLY, WITHOUT A TIMELY WARRANT.

 Defendant filed a supplemental brief as a self-represented

litigant, in which he presents the following arguments:

 POINT I – THE SEARCH EXECUTED AT THE
 DEFENDANT[']S RESIDENCE OCCURRED BEFORE THE
 SEARCH WAS AUTHORIZED

 a. All of the moving papers
 support the fact that the search
 was executed prior to it being
 authorized by [the judge].

 b. According to the log book sign
 in sheet it was impossible for
 [the judge] to sign the moving
 papers at 3:30 p.m. on November 3,
 2010.

 c. The business log for the [court
 house] does not stand up to true
 and unbiased scrutiny.

 POINT II – THE DATE ON THE SEARCH WARRANT
 RETURN SUPPORTS THAT THE SEARCH HAPPENED
 WITHOUT A VALID WARRANT.

 POINT III – THE EMAILS BETWEEN DETECTIVE
 HADLEY AND [THE ASSISTANT PROSECUTOR] DO NOT
 PROVE WHEN DETECTIVE HADLEY SUBMITTED THE
 AFFIDAVIT TO [THE JUDGE].

 POINT IV – THE ARREST AND ALLEGATIONS OF
 OFFICIAL MISCONDUCT UPON DETECTIVE HADLEY
 LEND CREDENCE TO THE DEFENDANT'S ASSERTIONS
 OF IMPROPRIETY IN THE CASE AT BAR.

 POINT V – THE DEFENDANT'S ATTORNEY PROVIDED
 INEFFECTIVE ASSISTANCE OF COUNSEL.

 9
 A-5694-13T4
 a. The defendant's attorney failed
 to vigorously pursue the
 suppression issue.

 b. The defendant's attorney should
 have called [the judge who signed
 the search warrant] as a witness
 at the suppression hearing.

 The trial court fulfilled our request to address whether it

correctly understood each party's burden of proof when it

considered the evidence. We are satisfied the court understood

how the burdens of proof were allocated between the parties, and

correctly applied the law. The trial court also addressed our

second question, whether to reopen the suppression hearing to

consider the charges of misconduct against Hadley. In our view,

the court did not abuse its discretion when it declined to do

so.

 After examining the record and briefs, we conclude none of

defendant's arguments have any merit and do not warrant

discussion in a written opinion. R. 2:11-3(e)(1)(E).

Nonetheless, we add the following comments.

 Most of defendant's arguments pertain to and attack the

trial court's factual finding the search warrant was signed

before defendant's home was searched. That finding was

previously affirmed by us; it was not subject to another

challenge before this court, unless the trial court had not

 10
 A-5694-13T4
correctly viewed the evidence in light of each party's burden of

proof and such error affected its ultimate decision, or unless

another suppression hearing were held. Neither condition

materialized.

 Defendant appeals from the trial court's decision to not

reopen the hearing for the purpose of allowing Hadley to testify

about the misconduct charges. However, "[a] trial court's

exercise of [its] discretionary power will not be disturbed on

appeal 'unless it has been clearly abused.'" State v. Saavedra,

222 N.J. 39, 55-56 (2015) (quoting State v. Warmbrun, 277 N.J.

Super. 51, 60 (App. Div. 1994)). The trial court did not abuse

its discretion when it declined to reopen the hearing to explore

the topic of Hadley's alleged misconduct. First, Hadley advised

he would exercise his right not to testify under the Fifth

Amendment if questioned about these charges. Second, in light

of the documentary evidence, Hadley's testimony was not as

essential to the court's findings as defendant assumes.

 As for defendant's claim counsel was ineffective, normally

this court does not hear ineffective assistance of counsel

claims on direct appeal, not to mention our remand to the trial

court was limited to considering just the two issues. However,

we have considered defendant's arguments because the record

discloses all facts essential to considering defendant's
 11
 A-5694-13T4
ineffective assistance claims. See State v. Allah, 170 N.J.

269, 285 (2009). Having done that, we are satisfied counsel did

not act outside the range of professionally competent

assistance.

 Specifically, defendant claims his attorney told the court

at the outset of the suppression hearing he was not prepared to

proceed because he had just received discovery from the State.

Defendant claims counsel's comment caused the court to conduct a

"truncated hearing," which failed to "protect his rights under

the law." The record does not bear out either claim.

 Counsel never asserted he was not prepared for the hearing.

But even if he had, being unprepared for a hearing because an

adversary provided discovery immediately before such hearing is

not ineffective assistance. Ineffective assistance occurs when

counsel commits an error so egregious he or she was not

functioning effectively as guaranteed by the Sixth Amendment to

the United States Constitution. See Strickland v. Washington,

466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674, 693

(1984). There is no evidence counsel was unprepared for the

hearing, and then failed to request an adjournment to enable him

to get ready for the hearing.

 Further, the defect in performance must be such that there

exists a "reasonable probability that, but for counsel's
 12
 A-5694-13T4
unprofessional errors, the result of the proceeding would have

been different." Id. at 694, l04 S. Ct. at 2068, 80 L. Ed. 2d

at 698. There is no evidence counsel caused the court to

conduct a "truncated" hearing or otherwise induced it to

jeopardize defendant's right to a fair hearing.

 Affirmed.

 13
 A-5694-13T4